UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2023

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, *et al*.,

                Petitioners,

-against-

INTEGRATED BUSINESS INSTALLATIONS,
LLC,

                Respondent.

1:20-cv-5535 (MKV)

**ORDER GRANTING**
**CONFIRMATION OF**
**ARBITRATION AWARD**

MARY KAY VYSKOCIL, United States District Judge:

      Petitioners Trustees of the New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenters Contractor Alliance of Metropolitan New York (the "Funds"), and the New York City District Council of Carpenters (the "Union") (collectively, "Petitioners") seek confirmation of an arbitration award entered against Respondent Integrated Business Installations, LLC ("Respondent"), pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  The petition is GRANTED.

## BACKGROUND

      The Union is a labor organization representing carpenters and is the certified bargaining representative for certain employees of the Respondent.  *See* Petition to Confirm Arbitration ¶ 7 [ECF No. 1] ("Pet.").  The Funds are the associated funds of the Union.  Pet. ¶¶ 4–7.  Respondent is a corporation in the construction business.  Pet. ¶ 8.

On or about February 1, 2007, Respondent executed an agreement with the United Brotherhood of Carpenters and Joiners of America under which Respondent became bound to a collective bargaining agreement ("CBA"). Pet. ¶¶ 9–10. Pursuant to the CBA, Respondent is required to remit contributions to the Funds for each hour worked by its employees. Pet. ¶ 14. When requested by the Funds for purposes of an audit, Respondent is also required under the CBA to furnish its books and payroll records. Pet. ¶ 15.

In August 2017, Petitioners sought to conduct an audit of Respondent. Pet. ¶ 23. Respondent refused. Pet. ¶ 24. Petitioner later determined that Respondent owed an estimated deficiency of $2,325,588.51 and initiated an arbitration proceeding to collect the funds. Pet. ¶¶ 25–26; Ex. D [ECF No. 1-4]. Arbitrator Roger E. Maher held a hearing on June 16, 2020. *See* Opinion and Default Award of Arbitrator [ECF No. 1-5] ("Arb. Award"). Despite having notice, Respondent did not appear at the hearing.[1] *See* Arb. Award 1–2. On June 17, 2020, Arbitrator Maher concluded that Respondent violated the CBA by failing to permit the Funds to examine its books and records and ordered Respondent to pay $3,042,722.30. *See* Arb. Award 3.

By this action, Petitioners seek an order confirming that arbitral award, in addition to attorneys' fees, costs, and both pre- and post-judgment interest. *See* Ex. G [ECF No. 1-7]. Petitioners served Respondent on July 23, 2020, *see* Summons Returned Executed [ECF No. 7], but Respondent has again failed to appear or respond.

**LEGAL STANDARD**

This Court has "jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). Where, as here, a petition to confirm an arbitration award is unopposed, the Court

---

[1] The arbitrator informed Respondent of the arbitral hearing via regular and certified mail. *See* Pet. ¶ 26; Ex. D.

2

treats the petition "as an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (citations omitted). A court may not "review the arbitrator's decision on the merits," and instead, should "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). Only "'a barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (citation omitted).

## DISCUSSION

### I. Confirmation of the Award

The Court finds no reason to vacate the unopposed arbitration award. The CBA provides that any dispute regarding contributions to the Funds are subject to arbitration. *See* Ex. B Art. XVI § 12 [ECF No. 1-2]. Arbitrator Maher acted within the scope of his authority and concluded that Respondent violated the CBA by failing to produce its books and records to ensure Respondent's compliance with its contribution requirements. *See* Arb. Award. Arbitrator Maher also found, based on the evidence and testimony provided by Petitioners, that Respondent owed contributions in the amount of $2,325,588.51, in addition to interest, fees, and other costs. Arb. Award 3. There exists more than a "barely colorable justification" for the award in this case.[2] Accordingly, the petition is GRANTED.

---

[2] This conclusion is not undone by the fact that Respondent, who was provided notice, did not appear in the arbitration or in this action. *See Trs. of Metal Lathers Loc. 46 Pension Fund v. Regal USA Constr., Inc.*, 2019 WL 2270435, at *1 (S.D.N.Y. May 28, 2019) ("[T]he Court can confirm awards issued in arbitrations that Respondent choose, after sufficient notice, not to appear in."); *see also Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428–30 (S.D.N.Y. 2008).

## II. Attorneys' Fees

Petitioners also seek reimbursement of attorneys' fees and costs for this action. Pet. ¶ 32; Ex. G. Courts may award attorneys' fees "when a challenger refuses to abide by an arbitrator's decision without justification." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).

The Court finds that an award of attorneys' fees and costs is justified in this case. Respondent has neither complied with the Award of the Arbitrator nor provided any reason for its failure to do so. Indeed, Respondent entirely failed to participate in the arbitration and in this action. In addition, the CBA entitles Petitioners to reasonable attorneys' fees and costs where "formal proceedings are instituted before a court . . . to collect delinquent contributions." *See* Ex. B Art. XVI § 11(a)(4).

Petitioners seek $595 in attorneys' fees for 1.7 hours of work, in addition to $70 for service fees. Pet. ¶¶ 38–39; Ex. F [ECF No. 1-6]. These requested fees and costs are reasonable and consistent with awards granted by other courts in this District. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Vica Indus. Inc.*, No. 20-cv-7148, ECF No. 13 (S.D.N.Y. Feb. 6, 2023) (awarding same hourly rate to same lawyers); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Buildtask, LLC*, No. 21-cv-2260, ECF No. 8 (S.D.N.Y. Aug. 10, 2021) (awarding same hourly rate to same lawyers). The Court therefore awards Petitioners a total of $665 for attorneys' fees and costs.

## III. Pre and Post Judgment Interest

Petitioners also seek pre- and post-judgment interest. *See* Ex. G. The Court grants Petitioners' request for pre-judgment interest at the rate of 6.75 percent—the rate granted by the

arbitrator. *See Waterside Ocean Navigant Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (adopting "presumption in favor of pre-judgment interest"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. VREX Constr. Inc.*, No. 21-CV-9408, 2022 WL 19786, at *1 (S.D.N.Y. Jan. 3, 2022) (awarding pre-judgment interest rate granted by arbitrator); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Vica Indus. Inc.*, No. 20-cv-7148, ECF No. 13 (S.D.N.Y. Feb. 6, 2023) (same).

With respect to post-judgment interest, 28 U.S.C. § 1961 provides for an award of interest "on *any* money judgment in a civil case recovered in a district court," 28 U.S.C. § 1961(a) (emphasis added), including an action to confirm an arbitral award, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004). Post-judgment interest awards under Section 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013). Accordingly, the Court awards post-judgment interest to accrue from the date that judgment is entered until payment is made by Respondent.

## CONCLUSION

The petition to confirm the arbitration award is GRANTED. The Court awards judgment in Petitioners' favor in the amount of: (i) $3,042,722.30, plus 6.75% interest from June 17, 2020 to the date of Judgment; (ii) an additional $665 in attorneys' fees and costs related to this action; and (iii) post-judgment interest at the statutory rate accruing from the date of judgment until Respondent has paid the full Award.

The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Date:  October 17, 2023
      New York, NY

**MARY KAY VYSKOCIL**
United States District Judge